**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25746-CIV-DAMIAN**

**VLADIMIR GARCIA,**

Petitioner,

v.

**SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,

Respondents.
_______________________________________/

**ORDER DISMISSING PETITION AS DUPLICATIVE**

**THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss [ECF No. 3 ("Motion")], filed on August 24, 2026, and upon *pro se* Petitioner, Vladimir Garcia's ("Petitioner"), Emergency Petition for Writ of Habeas Corpus. [ECF No. 1 [(the "Petition")].

THE COURT has reviewed the Motion, Petition, the record, and is otherwise fully advised. For the reasons that follow, the Motion is due to be granted.

Petitioner filed this Petition on August 24, 2026, challenging his continued detention, but approximately three months earlier, Petitioner filed an identical § 2241 petition which was assigned to the Honorable Ed Artau. *See Vladimir Garcia v. U.S. Immigration and Customs Enforcement*, No. 26-23580-CIV-ARTAU (S.D. Fla. May 20, 2026), [ECF No. 1] ("First Action"). In the Motion, Respondents argue that the Petition should be dismissed as duplicative of the First Action. Petitioner did not file a response. [1]

---

[1] In an abundance of deference to the *pro se* litigant, this Court waited more than three weeks to enter this Order in order to permit Petitioner ample opportunity to respond. *See* S.D. Fla. L.R. 7.1(c)(1) (providing fourteen-day deadline to respond in opposition to a motion); Fed. R. Civ. P. 6(d) (providing an additional three days to perform when a litigant receives notices by mail).

"Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d .1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc.*, 793 F.2d at 1551 (citations omitted).

This Court finds that the instant Petition bears all three hallmarks of a duplicative filing. First, Petitioner sues federal immigration officials in both actions. *Compare* Petition at 1 (suing "Secretary of the U.S. Department of Homeland Security"), *with* Petition, First Action, ECF No. 1 at 1 (suing the "U.S. Immigration and Customs Enforcement"). Second, Petitioner raises the same issues in both. *Compare* Petition at 2 (alleging a due process and Fifth Amendment violation from his continued detention), *with* Petition, First Action, ECF No. 1 at 6 (same). Third, Petitioner requests the same relief. *Compare* Petition at 2 (requesting immediate release under the prior conditions of release), *with* Petition, First Action, ECF No. 1 at 7 (requesting immediate release from further unlawful detention). For these reasons, this Court finds that the instant action is duplicative of Case No. 26-23580-CIV-ARTAU, which is pending before another Judge in this District, and, therefore, is due to be dismissed.

Furthermore, the petition in Case No. 26-23580-CIV-ARTAU was filed *first and prior to* the instant Petition. "The first-filed rule provides that when parties have instituted

competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Review of the docket in Case No. 26-23580-CIV-ARTAU reveals that the Respondent in that action responded to the Order to Show Cause and that matter is ripe for adjudication. *See* First Action, ECF No. 6.

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 3]** is **GRANTED**. Petition [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE** as duplicative. All pending motions, if any, are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 14th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

**CC: Vladimir Garcia, *Pro Se***
A# 074050285
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101